HANLON, JUDGE:
Claimants are the owners of property located at Deepwater in Fayette County. A two-story frame general store and post office with four apartments were constructed by the claimants on this property in 1983 when the prior structure was destroyed. Claimants began *12 operating a general store in the new building in December of 1983. During 1987, the Department of Highways engaged in a contractor to replace the bridge over Loop Creek and relocate Route 61. Claimants allege that this construction operation prevented customers from frequenting their general store, resulting in a loss of profits. Claimants allege a direct loss of income of $39,875.14 during the construction period, and a loss of future profits in the amount of $500,000.00.
Respondent contends that it provided access to the general store at all times. It also contends that while Route 61 was being relocated, access was provided by grading the relocated areas at all times during the construction.
Claimant Brent Walker testified that the general store operated as a convenience store. The store sold hunting and fishing licenses, fishing supplies, food products and building materials. Claimants employ other individuals to operate the store on a daily basis. Claimants granted the State a right-of-way in front of and adjacent to their property for the relocation of Route 61. Prior to construction, claimants leased a portion of the property adjacent to the building as an office trailer for the contractor to use during construction. A smaller trailer was also locate don that property for testing purposes. Contractors placed a crane on the right-of-way for the dismantling of two bridges over Loop Creek. Claimant Brent Walker stated that the contractor placed several pieces of steel on the right-of-way. When the steel was delivered, the vehicles would block the entrance to the store. During the months of June, July, August, and September, 1987, the relocation work on Route 61 blocked the access to the store on a continuous basis. Delivery trucks were unable to pull into the parking area to deliver stock. Claimants lost most of their business during those months, and therefore suffered a loss of profits.
Respondent's witnesses described the progress of the project during 1987. Traffic was maintained by respondent at all times over old Route 61 and relocated Route 61. Diary entries used to record daily reports revealed that the claimants had filed objections to the parking situation. There were complaints from residents which were recorded in this diary. Respondent's employees also explained that flagmen were on the project at all times during the relocation of Route 61 to flag the traffic in front of the claimants' store. The witnesses also stated that they had frequented the store to purchase various and sundry items. Stock in the general store appeared to be depleted and unavailable for purchase during the month of August 1987.
The Court has reviewed all of the evidence in this claim and is of the opinion that the respondent attempted to maintain the traffic during the construction project in such a way as to provide the public with access to claimants' general store. In any construction project for new bridges or new roads, there will necessarily be inconveniences to residents in the area. Merchants may suffer losses but, hopefully, after the construction, business should return to normal, if not improved. It is unfortunate that claimants herein were unable to continue the operation of their general store after the relocation work was completed; however, this Court may not speculate as to the loss of profits experienced by claimants as a result of the inconvenience to the public during this construction project. • The patrons of the post office obtained their mail, and apartment dwellers had ingress and egress to the building. It is apparent to the Court that claimants' general *13 store may have suffered a loss of business during the construction. However, this Court has held in many previous claims that it will not resort to speculation in order to compensate a claimant.
For these reasons, the Court is Of the opinion to the does disallow this claim.
Claim disallowed.